CLARK v. BOGGS, USE, &c.

1. A justice of the peace having collected money, is subject to garnishee pro. cess, and the service of such upon him is a sufficient excuse for the omission to pay over the money to the person for whom it was collected, and is conse. quently a bar to the damages allowed by statute.

WRIT of error to the Circuit Court of Barbour.

This was a motion made under the statute, by Boggs, before a justice of the peace, against Clark, for having failed to pay over monies collected by him as a justice of the peace. The suit was removed in the circuit court by appeal, and there the facts were submitted for judgment, without the intervention of a jury.

The facts were, that Clark, as a justice of the peace, had collected a small sum of money for the plaintiff, and refused to pay it over, on account of having been garnisheed to pay it to another person. The plaintiff insisted that Clark was responsible for the sum so collected, with ten per cent. per month damages, from the time of demand made. The court gave judgment for the money collected, with interest upon it, but refused to allow judgment for the penalty, on the ground, that the garnishment was a reasonable excuse for refusing to pay it over. The plaintiff excepted to this refusal of the court to allow the damages; and this is the only error assigned.

JOHN A. CALHOUN, for the plaintiff in error—insisted that the circuit court had no discretion to withhold the damages. Under the statute, [Clay's Dig. 362,] no discretion is given, and

102

therefore, it was the duty of the court to allow the damages, as it determined the defendant was in default.

SAYRE, *contra*—argued that no judgment whatever, should have been rendered under the circumstances in proof. A justice of the peace, when money is collected by him, holds it as the mere agent of the party, and is as much liable to garnishee process, as any other agent. [People v. Whaley, 6 Cowen, 661.]

GOLDTHWAITE, J.—A justice of the peace is not merely a judicial officer with relation to the collection of small debts, &c.; but is also the agent of the person who intrusts their collection with him. As soon as the money is collected, his character as a magistrate ceases, and he holds it as any other agent. The sheriff is the officer of the court, whose process he executes, and public policy forbids that he should be drawn into any litigation with respect to the money collected on it before any other tribunal; and therefore, there is little analogy between his responsibilities and those of a justice of the peace. As a justice of the peace is nothing more than an agent, with relation to him whose money has been collected, he is within the scope of the statutes permitting garnishee process, and is required to answer as any other person, being liable to that process, it results that it affords a sufficient excuse for the omission to pay over money collected by him. In the present case, it is not expressly stated in the record, that he was discharged by the court, before which he was summoned, but we infer such was the fact, from the circumstance that judgment was rendered against him for the sum collected.

Our conclusion is, that there is no error in the point excepted to, and the judgment is affirmed.